IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARRETT LEE JONES,

     Plaintiff,

v.                                   CASE NO. 5:15-cv-240-MP-GRJ

MARY JONES, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate confined at FCI Marianna, initiated this case by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1], and has been granted leave to proceed as a pauper.  This case is before the Court on ECF No. 1, Plaintiff's Complaint.  For the following reasons, the undersigned recommends that the Complaint be dismissed for failure to state a claim upon which relief may be granted.

---

[1]In *Bivens*, the Supreme Court held that injured plaintiffs can bring a cause of action for damages against individual federal officers based on violations of constitutional rights.  *Bivens* involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed *Bivens* actions for violations of other constitutional rights.  *See Davis v. Passman*, 442 U.S. 228 (1979) (equal protection component of the Fifth Amendment's Due Process Clause); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment's cruel and unusual punishments clause).

## I.  Plaintiff's Allegations

The Complaint names the following Marianna FCI staff as Defendants:  Trust Fund Specialist Greg Shouppe, Trust Fund Supervisor Mary Jones, and Institutional Counselor Derek Gaffin.  Plaintiff contends that Defendants violated his constitutional rights in connection with a federal case filed by Plaintiff: Jones v. Egelhof, Case No.  0:15-cv-2679-JRT-JSM (D. Minn), and in connection with a 28 U.S.C. § 2255 motion.  ECF No. 1 at 4.   Plaintiff alleges that Defendants' failure to process a request for payment of an initial partial filing fee in the amount of $55.28 caused his case to go unfiled and prejudiced his motion to vacate.  *Id*.

Plaintiff seeks declaratory and injunctive relief, a "stay and abeyance" pending exhaustion of available administrative remedies, and an order compelling prison official to mail his initial partial filing fee.[2]

## II. Standard of Review

A  federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or

---

[2] Plaintiff concedes that he did not exhaust administrative remedies prior to filing this case, as required by the PLRA, 42 U.S.C. § 1997e(a).  In view of Plaintiff's claim that he was prevented from timely pursuing administrative remedies, and because it is clear that the complaint fails to state a claim upon which relief may be granted, it is unnecessary to discuss whether the complaint should be dismissed for failure to exhaust administrative remedies.

fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).  A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

In the context of a denial of access to court claim, the Eleventh Circuit has explained that:

> The [constitution] gives prisoners a right of access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools ...

need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *see also Wilson*, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." *Al- Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008).

A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must have suffered an "actual injury."  *Al-Amin*, 511 F.3d at 1332.  In order to show actual injury, a Plaintiff must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Id*. (internal quotes and citations omitted).  We have noted that missing filing deadlines is an example of an actual injury. *Wilson*, 163 F.3d at 1290 n. 10.

*Hall v. Sec'y for the Dep't of Corr.*, 304 Fed. Appx. 848, 849-50 (11th Cir.2008) (unpublished).[3]  In *Hall*, the Eleventh Circuit affirmed the district court's dismissal of a complaint alleging that the plaintiff had been denied access to court because defendants misdirected his legal mail and he missed a filing deadline for a motion for rehearing in the state appellate court.  The Court held that the district court did not err in finding that the plaintiff had not alleged an actual injury because the motion for rehearing sought discretionary relief and related to a motion to correct an illegal

---

[3]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

sentence that already had been considered on the merits.  *Hall*, 304 Fed. Appx. at 850.

### III.  DISCUSSION

Accepting Plaintiff's factual allegations as true, such allegations do not establish the requisite "actual injury" that is necessary to sustain an access-to-court claim.  The records of Plaintiff's underlying cases refute his assertion that Defendants' actions were causally connected to the dismissal of his cases.[4]

The record in *Jones v. Egelhof* reflects that Plaintiff filed his complaint on June 8, 2015, asserting claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) stemming from his criminal prosecution.  *See* Case No. 0:15-cv-2679 ECF No. 26 (D. Minn. 3/29/16) (memorandum opinion and order dismissing Plaintiff's complaint). An initial partial filing fee was assessed and when the fee was not received the Magistrate Judge recommended dismissal.  However, the Court subsequently determined that the fee had been received but inadvertently applied to his criminal restitution rather than his civil filing fee.  *Id*. at 2. The case was ultimately dismissed, over Plaintiff's objection, for failure to

---

[4] The Court may take judicial notice of the publicly filed documents in Plaintiff's underlying cases, the disposition of which is central to his claims.  *See U.S. ex rel. Osheroff v. Humana*, 776 F.3d 805, 811 (11th Cir. 2015).

state a claim upon which relief may be granted.  *Id*. at 3-6.

On the same date that Plaintiff filed his civil complaint , he filed a

§ 2255 motion to vacate and a motion for leave to proceed as a pauper.

*See United States v. Jones*, Case No. 0:03-cr-442-ADM-RLE-1 ECF Nos.

154, 155.   The court determined that the motion was untimely by more

than seven years and dismissed it as time-barred.  The Court denied

Plaintiff's motion for leave to proceed as a pauper as moot.  *Id*. ECF No.

160 (8/25/15).

The records of Plaintiff's underlying cases conclusively refute his

allegation that Defendants' alleged delay or inaction in processing his fee

payment requests had any bearing on the dismissal of his civil case and

his motion to vacate.   The civil case was dismissed on the merits and the

motion to vacate was dismissed as time-barred by more than seven years.

Because any delay on Defendants' part did nothing to impede the district

court's review of the merits and timeliness of Plaintiff's filings, the Court

finds that Plaintiff has failed to allege facts showing that Defendants'

actions caused him any "actual injury."  *See Hall*, 304 Fed. Appx. at

849-50.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a

plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178,

182 (1962), leave to amend "should be freely given."  *See* Fed.R.Civ.P.

15(a).   Under *Foman*, however, a district court may properly deny leave to

amend the complaint when such amendment would be futile.  *Foman*, 371

U.S. at 182.   Under the facts presented, the Court concludes that

amendment of the Complaint would be futile.

## IV. Recommendation

Based on the foregoing, it is respectfully **RECOMMENDED** that the

Complaint be dismissed.

**IN CHAMBERS**, at Gainesville, Florida, this 8th day of April 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**